# Attachment 3

Case 2:22-cv-01017-DJH--DMF   Document 1-4   Filed 06/13/22   Page 2 of 9

Clerk of the Superior Court
*** Electronically Filed ***
D. Hill, Deputy
3/10/2022 3:24:36 PM
Filing ID 14035486

J. Scott Halverson, SBN 10629
**LAW OFFICES OF J. SCOTT HALVERSON, P.C.**
2173 E. Warner Road, Suite 101
Tempe, Arizona 85284
Telephone (480) 777-7776
Facsimile (602) 357-7444
Email: scott@halversonfirm.com

Attorney for Plaintiff

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| RYAN R. COOPER,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF MESA, a municipality; OFFICER C. KLEIN (Badge No. 21391) and JANE DOE KLEIN, husband and wife; OFFICER ANDREW TIAPULA (Badge No. 23437) and JANE DOE TIAPULA, husband and wife; OFFICER SARAH T. JAQUETTE (Badge No. 21700) and John Doe Jaquette, wife and husband; OFFICER JOSEPH ANTHONY FIGUEROA (Badge No. 19482) and Jane Doe Figueroa, husband and wife; OFFICER AUSTIN P. STEFICK (Badge No. 23461) and Jane Doe Stefick, husband and wife; OFFICER BRADY A. JUVAN (Badge No. 23219) and Jane Doe Juvan, husband and wife; COURTENAY F. HARRIS (Badge No. 19078) and John Doe Harris, wife and husband; JOHN and JANE DOES I-X;<br><br>    Defendants. | No.   **CV2022-091060**<br><br>**COMPLAINT**<br><br>(TORT NON-MOTOR VEHICLE)<br><br>{TIER 3} |

For his Complaint against the Defendants, Plaintiff alleges as follows:

## **JURISDICTIONAL ALLEGATIONS**

1. At all times relevant hereto, Plaintiff resided in Maricopa County, Arizona.

2. At all times relevant to this Complaint, Defendant City of Mesa ("City") was a municipality organized within the State of Arizona.

3. At all times relevant to this Complaint, OFFICER C. KLEIN (Badge No. 21391), ("Officer Klein") was a police officer with the City of Mesa Police Department, acting within the course and scope of his employment.

4. At all times relevant to this Complaint, OFFICER ANDREW TIAPULA (Badge No. 23437), ("Officer Tiapula") was a police officer with the City of Mesa Police Department, acting within the course and scope of his employment.

5. At all times relevant to this Complaint, OFFICER SARAH T. JAQUETTE (Badge No. 21700) ("Officer Jaquette") was a police officer with the City of Mesa Police Department, acting within the course and scope of her employment.

6. At all times relevant to this Complaint, OFFICER JOSEPH ANTHONY FIGUEROA (Badge No. 19482) ("Officer Figueroa") was a police officer with the City of Mesa Police Department, acting within the course and scope of his employment.

7. At all times relevant to this Complaint, OFFICER AUSTIN P. STEFICK (Badge No. 23461) ("Officer Stefick") was a police officer with the City of Mesa Police Department, acting within the course and scope of his employment.

8. At all times relevant to this Complaint, OFFICER BRADY A. JUVAN (Badge No. 23219), ("Officer Juvan") was a police officer with the City of Mesa Police Department, acting within the course and scope of his employment.

9. At all times relevant to this Complaint, OFFICER COURTENAY F. HARRIS (Badge No. 19078), ("Officer Harris") was a police officer with the City of Mesa Police Department, acting within the course and scope of her employment.

10. Defendant Jane Doe Klein is a fictitious name for the spouse of Defendant OFFICER C. KLEIN and Plaintiff will amend the Complaint when her/his true and correct name is ascertained.

11. Defendant Jane Doe Tiapula is a fictitious name for the spouse of Defendant OFFICER ANDREW TIAPULA and Plaintiff will amend the Complaint when her/his true and correct name is ascertained.

12. Defendant John Doe Jaquette is a fictitious name for the spouse of Defendant Officer SARAH T. JAQUETTE and Plaintiff will amend the Complaint when her/his true and correct name is ascertained.

13. Defendant Jane Doe Figueroa is a fictitious name for the spouse of Defendant Officer JOSEPH ANTHONY FIGUEROA and Plaintiff will amend the Complaint when her/his true and correct name is ascertained.

14. Defendant Jane Doe Stefick is a fictitious name for the spouse of Defendant Officer AUSTIN P. STEFICK and Plaintiff will amend the Complaint when her/his true and correct name is ascertained.

15. Defendant Jane Doe Juvan is a fictitious name for the spouse of Defendant Officer BRADY A. JUVAN and Plaintiff will amend the Complaint when her/his true and correct name is ascertained.

16. Defendant John Doe Harris is a fictitious name for the spouse of Defendant Officer COURTENAY F. HARRIS and Plaintiff will amend the Complaint when her/his true and correct name is ascertained.

17. The events giving rise to this Complaint occurred in Maricopa County, Arizona.

18. This Court has jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

19. Plaintiff estimates that the value of his damages should exceed $300,000 and that this matter is sufficiently complex to qualify as a "Tier" 3 case, pursuant to Rule 26.2(d)(1), *Arizona Rules of Civil Procedure*.

## **FACTS**

20. On January 1, 2020, at approximately 2:00 a.m., Defendant Officers were dispatched to respond to a 911 call made by Plaintiff because he felt suicidal.

21. Earlier in the evening, Plaintiff had found out that his girlfriend had been cheating on him, which caused him to become distraught and depressed.

22. Plaintiff told the 911 operator that he intended to commit suicide and that he had a weapon, but he did not specify the type of weapon.

23. Plaintiff was unable to provide his location to the 911 operator; however, the Officers were able to locate him by his cell phone "ping" location.

24. When the Officers located Plaintiff, they saw him walking westbound on Broadway Road, near its intersection with Roosevelt Road, in Mesa, Arizona.

25. The Officers' reports indicate that Plaintiff appeared to be talking on his phone and had his left hand in his pocket.

26. Defendant Officer Tiapula pulled his police vehicle onto the sidewalk in front of Plaintiff.

27. Plaintiff became frightened by all the police activity and began to walk away.

28. Defendant Officer Klein shot Plaintiff multiple times with a bean bag from his shotgun, striking Plaintiff five times in the lower right leg, causing severe injury.

29. Plaintiff never made any furtive movement, harrowing gesture, or verbal threat to the Defendant Officers, nor did he point a weapon in the direction of the Officers.

30. None of the Defendant Officers attempted any de-escalation or "crisis intervention" techniques or methods, that typically are taught to all police officers in their respective training academies, which include:

    a. Slow down and elongate the encounter with the suspect;

    b. Establish a relationship and rapport with the suspect, by asking his name, introducing themselves by name, explaining why they were called, asking open-ended questions, or offering options, etc.;

    c. Communicate empathy to the suspect by explaining that they were there to help him and reassuring him that he is safe, etc.; and

4

      d.      Speak in a calm demeanor and avoid yelling—officers are taught that if they take a less authoritative, less controlling, less confrontational approach, they actually will have more control.

31. Instead of utilizing proper crisis intervention techniques, the Defendant Officers created a high level of stress and commotion by pointing their weapons at Plaintiff and yelling at him.

32. The Defendant Officers chose not to call for assistance from other officers who had been trained in "crisis intervention" techniques and who specifically handled confrontations with individuals who are suffering from mental health disorders or mental impairment from alcohol or drugs.

33. Moments after the encounter began, Officer Klein shot Plaintiff in the leg with multiple bean bag projectiles, without warning Plaintiff that he intended to shoot him.

34. All Defendant Officers were acting under color of law and within the course and scope of their employment with the City of Mesa during their involvement in the above-described incident.

35. The Defendant Officers' acts and omissions were done in the course of their employment and, therefore, for the benefit and furtherance of their respective marital communities.

**COUNT ONE —CIVIL RIGHTS VIOLATION**
**(Defendant Officers violated Plaintiff's *Fourth Amendment* Right to Be Free from the Unreasonable Use of Force, as Codified in 42 *U.S.C.* § 1983)**

36. Plaintiff incorporates all previous allegations in this Complaint.

37. Defendant Officer Klein's intentional use of excessive and unreasonable force against Plaintiff violated Plaintiff's Fourth Amendment rights to be free from unreasonable use of force, as well as Plaintiff's federal civil rights, as codified in 42 *U.S.C.* § 1983.

5

38. Defendant Officer Klein's violation of Plaintiff's rights under the *United States Constitution* and 42 *U.S.C.* § 1983 proximately caused Plaintiff to suffer extensive damages.

39. Defendant Officer Klein's intentional use of excessive and unreasonable force against Plaintiff was committed in reckless disregard of Plaintiff's constitutional rights, so punitive damages are warranted and should be determined by a jury to deter and prevent others from acting in a similar manner in the future.

**COUNT TWO—MONELL CLAIM**
**(Violation of 42 *U.S.C.* § 1983:  Unconstitutional Policies, Customs, and Failure to Train and Supervise, as to Defendants City of Mesa and John/Jane Doe Supervisors)**

40. Plaintiff incorporates the preceding allegations, as if set forth fully herein.

41. The City and John/Jane Doe Supervisors (in their official capacities), directly and by and through their agents and official policymakers, establish policy for the City's police department, oversee operations of the police department and the services provided by its officers, and evaluate, certify, and maintain the police department's compliance with applicable standards. Such actions, directly or via ratification, constitute official municipal policy, customs, and practices.

42. The City and John/Jane Doe Supervisors (in their official capacities) have oversight and supervisory responsibility over their officers, employees, and agents with respect to Police matters.

43. Despite their knowledge of and notice to them, the City and John/Jane Doe Supervisors (in their official capacities) were deliberately and callously indifferent to the constitutional rights of those whom they serve in training (and/or failing to adequately train) police personnel, employees, and agents in (among other things): the appropriate, lawful and constitutional policies, procedures, practices, protocols, and customs for the use of force; the processing, evaluation, handling, management, and restraint of citizens; and the other usual and recurring circumstances police face, as alleged herein.

44. The City and John/Jane Doe Supervisors (in their official capacities) have long been on notice and had knowledge of the dangerous and unconstitutional conditions that led to the violations of Plaintiff's constitutional and civil rights.

45. Despite their knowledge and notice, the City and John/Jane Doe Supervisors (in their official capacities) were deliberately and callously indifferent to the constitutional rights of those whom they serve in the screening, hiring, retention, training, and supervision of Police personnel, employees, and agents, including the Defendant Officers in this case.

46. Despite their knowledge and notice, the City and John/Jane Doe Supervisors (in their official capacities) were deliberately and callously indifferent to the constitutional rights of those that they serve in fostering, encouraging, and knowingly accepting formal and informal Police policies or customs, condoning indifference to the well being and physical condition, and the use of excessive force, such that death and/or bodily harm to citizens was likely to occur in a manner similar to that of Plaintiff.

47. The John/Jane Doe Supervisors' deliberate, reckless, and callous actions (as described above) substantially contributed to and/or was the moving force behind the Officers' use of excessive force upon Plaintiff and the resulting serious and extensive injuries inflicted upon Plaintiff by the Officers.

48. The wrongful conduct of Defendants, as described herein, constitutes violations of 42 *U.S.C.* § 1983, because they acted with deliberate and callous indifference, they deprived Plaintiff of his rights secured by the Constitution and laws of the United States, including the right to be free from law enforcement's excessive force.

49. The wrongful conduct of the John/Jane Doe Supervisors was in reckless disregard of Plaintiff's rights, so punitive damages (in an amount to be determined by a jury) should be awarded to deter and prevent other law enforcement supervisors from acting in a similar manner in the future.

# **CONCLUSION**

WHEREFORE, Plaintiff requests judgment against the Defendants, as follows:

A. For general damages and losses already incurred, and to be incurred in the future, in amounts reasonable and proper in the premises;

B. For medical expenses and other economic losses incurred by Plaintiff in an amount to be proven at trial;

D. For Plaintiff's costs;

E. For attorney's fees, expert fees, and other costs, pursuant to 42 *U.S.C.* § 1988.

F. For such additional relief as the Court may deem just and proper in the premises.

DATED this 10th day of March, 2022.

**LAW OFFICES OF J. SCOTT HALVERSON, P.C.**

By: /s/ *J. Scott Halverson*
J. SCOTT HALVERSON
Attorney for Plaintiff